■ CITIBANK, N.A., et al., Respondents, v STEPHEN P. RATHJEN et al., Defendants, and JOHN D. PARKER, Appellant. [608 NYS2d 453] —Order, Supreme Court, Suffolk County (Marquette L. Floyd, J.), entered on or about January 17, 1991, which denied the defendant, John Parker's motion for permission to withdraw his consent to the entry of a judgment of foreclosure and for permission to interpose an answer, and an order of the same court and Justice, entered October 9, 1991, which denied defendant's motion seeking an extension of time within which to interpose an answer, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in determining that defendant was bound by his stipulation, entered into in open court, wherein defendant, represented by competent counsel, consented to the entry of a judgment of foreclosure and withdrew his answer to the underlying foreclosure action, since the CPLR specifically provides for the enforceability of stipulations made between counsel in open court (CPLR 2104); since "open court" stipulations of settlement are favored by the courts of this State, and a party will not be relieved from the consequences thereof in the absence of fraud, collusion, mistake or accident *(Hallock v State of New York,* 64 NY2d 224, 230); and since defendant Parker, who acknowledged to the court, under oath, that he had a full understanding of the stipulated agreement and voluntarily agreed to the terms thereof, has presented no evidence of any fraud, collusion,

mistake or accident which would justify his being relieved from the consequences of his stipulated agreement made voluntarily in open court *(see, e.g., Rivera v State of New York,* 115 AD2d 431; *Heimuller v Amoco Oil Co.,* 92 AD2d 882).

Nor does any alleged fraud committed by defendant's prior attorney constitute a defense to the underlying foreclosure action brought by plaintiff Citibank since defendant Parker's claims of fraud against that attorney were fully litigated in a landlord-tenant action in the Fifth District Court of Suffolk County, in which it was held that Parker was a knowing participant in the fraud perpetrated upon Citibank; since Parker's allegations of fraud are barred by the doctrine of collateral estoppel since there was an identity of issue, as to whether defendant Parker was a victim of a fraud perpetrated by defendant's prior attorney, which has necessarily been decided in the prior action and which is decisive of the present action, and since defendant Parker had a full and fair opportunity to contest that decision *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71).

We have reviewed defendant Parker's remaining *pro se* arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Rubin and Williams, JJ.