■ Els Bendheim et al., Respondents, v Robert Butler et al., Appellants. [679 NYS2d 460] —White, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered July 17, 1997 in Albany County, upon a decision of the court in favor of plaintiffs.

In 1969, Herman Salomon rented an apartment in the City of Albany from defendant Robert Butler and his former wife, Joyce Butler.[1] Over the years, Salomon and the Butlers became friendly and, after Salomon's father died in 1972, the Butlers helped Salomon move a number of items of personal property from his father's apartment in New York City to Albany where it was stored in the Butlers' garage. Included in the property were five oil paintings, five lithographs and four ceramic vases (hereinafter collectively referred to as the artwork). In a 1982 Surrogate's Court proceeding, Salomon's ownership of the artwork was confirmed. In the interim, Salomon maintains that he suggested to the Butlers that the artwork be displayed in their home instead of being kept in the garage where it might be damaged. Robert Butler, on the other hand, contends that Salomon made a gift of the artwork to his former wife. In any event, the Butlers began displaying the artwork in their home sometime during 1977 or 1978.

In 1988, Salomon informed his sister, plaintiff Els Bendheim (hereinafter plaintiff), of the location of the artwork and she insisted he obtain the artwork since she wanted it if he did not. Salomon spoke to defendant Nancy Butler who purportedly told him to have plaintiff call her to discuss the matter. Plaintiff declined to do so which led Salomon to arrange a dinner party on April 6, 1989 with Robert Butler and Nancy Butler (hereinafter collectively referred to as defendants). During the course of the dinner, he asked them to return the artwork but they refused. Salomon then contacted an attorney who, on November 15, 1989, sent a demand letter to defendants. As this letter elicited no response, plaintiffs commenced this ac-

1. Joyce Butler died on November 8, 1981. Thereafter Robert Butler married defendant Nancy Butler on October 23, 1983.

tion to recover a chattel on March 4, 1992.[2] At the conclusion of a bench trial, Supreme Court rejected defendants' Statute of Limitations defense and awarded judgment to plaintiff. Defendants appeal.

Initially, defendants argue that this action should have been dismissed since Salomon, the owner of the artwork, was the only party who could maintain it. We disagree for title is not the *sine qua non* for bringing an action to recover a chattel; instead a plaintiff need only have a possessory right to the chattel superior to that of the defendant (*see, G & S Quality v Bank of China*, 233 AD2d 215). This requirement was satisfied here by Supreme Court's finding that Salomon intended to give the artwork to plaintiff, thereby making her a donee (*see, Gruen v Gruen*, 68 NY2d 48, 53-57; *see also*, 38 Am Jur 2d, Gifts, § 77, at 880).

Defendants' next argument centers on the Statute of Limitations, which in this case is three years (CPLR 214 [3]) and, because defendants rightfully possessed the artwork, began to run from the time Salomon demanded its return and defendants refused (*see, Hoelzer v City of Stamford*, 933 F2d 1131, 1136-1137; *Matter of Spewack*, 203 AD2d 133; *Berman v Goldsmith*, 141 AD2d 487). Defendants claim that Supreme Court's finding that the accrual date was November 15, 1989 is against the weight of the evidence since the record shows that Salomon demanded the return of the artwork on numerous occasions in 1988. We are not bound by Supreme Court's resolution of the credibility questions surrounding this issue and, while we accord great weight to its determination, we will make our own findings if it is not supported by a fair interpretation of the evidence (*see, Bradley v St. Clare's Hosp.*, 232 AD2d 814). Given Salomon's testimony that he asked defendants on April 6, 1989 to return the artwork and that they refused his demand, we conclude that Supreme Court's finding is not supported by a fair interpretation of the evidence and that April 6, 1989 is the accrual date of plaintiff's cause of action. Our finding does not revive defendants' Statute of Limitations defense, however, since this action was commenced prior to April 6, 1992. While defendants urge us to adopt an earlier accrual date, the totality of the evidence does not support the establishment of a date prior to April 6, 1989.

For these reasons, we affirm Supreme Court's judgment.

Cardona, P. J., Mikoll, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.

2. A prior action for conversion commenced on January 27, 1990 by Salomon and others was discontinued by stipulation dated August 17, 1995.