■ In the Matter of STEPHEN DINNERSTEIN, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 64TH STREET-3RD AVENUE ASSOCIATES, Intervenor-Respondent. [683 NYS2d 247] —Order, Supreme Court, New York County (Stanley Parness, J.), entered June 17, 1998, which denied petitioner's motion to vacate a stipulation settling this CPLR article 78 proceeding, unanimously affirmed, with costs.

Petitioner's submissions are insufficient to demonstrate that he was suffering from an incapacitating "mental disorder" at the time he entered into the stipulation, which he did in open court before the Special Referee, affirmatively representing that he understood the stipulation and had no questions concerning it, while represented by counsel (*see, Hallock v State of New York*, 64 NY2d 224, 230; *Citibank v Rathjen*, 202 AD2d 235, *lv dismissed* 84 NY2d 850). Petitioner's psychiatrist's letter stated that he had stopped seeing petitioner more than a year before the hearing; his internist's letter merely stated that he was treating petitioner for certain physical ailments "that may well have arisen from excessive stress", but reported no independent observations of a state of confusion; and the letter from petitioner's friend, an attorney who was present before the Special Referee, admits that she did nothing to prevent the stipulation. Concur—Sullivan, J. P., Lerner, Mazzarelli and Saxe, JJ.