■ In the Matter of MARIE H., a Person Alleged to be Incapacitated. MARILYN I., Appellant; MARIE H., Respondent. [839 NYS2d 857]—

Cardona, P.J. Appeal from an order of the Supreme Court (Lalor, J.), entered January 25, 2006 in Greene County, which, inter alia, in a proceeding pursuant to Mental Hygiene Law article 81, denied petitioner's motion to set aside and/or vacate a prior stipulation of settlement.

Petitioner commenced this Mental Hygiene Law article 81 proceeding in September 2004 to declare respondent an incapacitated person and sought to be appointed as guardian of respondent's person and property. In April 2005, a hearing was commenced on the petition but was adjourned so that petitioner, who appeared pro se, could acquire legal representation. After petitioner obtained counsel, the parties entered into a stipulation of settlement in open court that included a provision that the petition would be withdrawn with prejudice. Several months later, petitioner, acting pro se, sent Supreme Court an ex parte communication in which she disputed the stipulation of settlement. The court treated the communication as a motion to set aside the stipulation of settlement, which it denied, resulting in this appeal by petitioner.

"Settlement stipulations are strictly enforced and a party will be relieved from the consequences of an open-court stipulation based only on grounds of fraud, collusion, mistake or accident" (*Matter of Janet L.*, 200 AD2d 801, 803 [1994], *lv dismissed and denied* 83 NY2d 941 [1994] [citation omitted]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Rose BB.*, 300 AD2d 868, 869 [2002]). Here, petitioner appears to argue that her attorney colluded with respondent, respondent's granddaughter and the court-appointed evaluator to enter into the stipulation without consulting her. However, the record reflects that the stipulation was placed on the record in open court while petitioner and her counsel were present and no objections were made. Contrary to petitioner's assertion, a Legal Aid Society case management report that petitioner claims to have received after the stipulation does not demonstrate that her attorney was biased or did not zealously represent her. As petitioner has not established grounds to set aside the settlement stipulation, we cannot say that the denial of her motion was improper. Accordingly, petitioner's remaining contentions are not properly before this Court and, in any event, based upon our examination of this record, are unpersuasive.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.