In the Matter of the Estate of JOHN McLAUGHLIN, Deceased. JOHN M. THOMAS, as Administrator of the Estate of JOHN McLAUGHLIN, Deceased, Appellant; PANDORA ZAMANIAN, Respondent. [910 NYS2d 252]—

Spain, J. Appeal from an order of the Surrogate's Court of Broome County (Peckham, S.), entered December 30, 2009, which, in a proceeding pursuant to SCPA 1809, denied petitioner's motion for summary judgment dismissing respondent's claim against decedent's estate.

Respondent is the niece of decedent's ex-wife, Fahime Lily McLaughlin and, for eight years of her childhood, she lived with decedent and McLaughlin in California. Decedent was an avid collector of various memorabilia and comic books and, during the time that respondent resided with them, McLaughlin and decedent are alleged to have signed two documents purporting to be "inventory list[s]" of items gifted by them to respondent. These documents identify 139 items and provide that "[t]hese items have been kept for [s]afeguard in our possession at our home for [respondent] with [McLaughlin] and [decedent]. This

---

collection will be partially released to [respondent] when she reaches the age of 25 and the rest of the collection when she reaches the age of 30."

Decedent and McLaughlin were divorced in 2002, at which point decedent relocated to the Village of Endicott, Broome County. All of the items identified on the subject lists were delivered to decedent's possession in New York. Decedent died testate on June 30, 2005; his will did not specifically dispose of or mention the property included on the lists. On April 29, 2008, respondent, still a resident of California, filed a notice of claim in Surrogate's Court against decedent's estate seeking the return of the 139 items identified in the two lists. Petitioner, as administrator c.t.a. of decedent's estate, rejected the claim and commenced this proceeding pursuant to SCPA 1809 to resolve the claim; petitioner moved for summary judgment asserting, among other things, that the claim is barred by the statute of limitations. Surrogate's Court denied the motion. Petitioner now appeals only from that portion of the court's order that found the claim to be timely.

We affirm. Our review of the facts of this matter and the relevant law establishes that the analysis of Surrogate's Court is completely sound. No dispute exists that this is an action for replevin of chattels (*see Matter of Peters v Sotheby's Inc.*, 34 AD3d 29, 33 [2006], *lv denied* 8 NY3d 809 [2007]) or that New York subjects such actions to a three-year statute of limitations (*see* CPLR 214 [3]; *Solomon R. Guggenheim Found. v Lubell*, 77 NY2d 311, 317 [1991]). The statute begins to run when the owner of the property demands the return of the property from the party in possession and the party in possession refuses the demand (*see Bendheim v Butler*, 255 AD2d 664, 665 [1998]).

Here, respondent did not make a demand for her property until she filed this claim against decedent's estate on April 29, 2008. However, as Surrogate's Court correctly found, the very earliest that respondent's right to make a demand for the property accrued was when she turned 25 years old—December 7, 2003—and allegedly became entitled to the return of a portion of the items on the lists. Further, because decedent died while the claim was outstanding, the statute of limitations was tolled for a period of 18 months (*see* CPLR 210 [b]; 214 [3]). Hence, because the April 29, 2008 claim was filed within 4½ years of December 7, 2003, it is not barred by the statute of limitations.

Petitioner's contention that New York's borrowing statute requires consideration of California's statute of limitations is unavailing. New York's statute requires application of a sister state's statute of limitations only for actions "based upon a

cause of action accruing without the state" (CPLR 202; *see Portfolio Recovery Assoc., LLC v King*, 14 NY3d 410, 416 [2010]). Generally, a cause of action accrues at the place of the injury, and petitioner contends that, as this is an economic injury, respondent was injured where she resides, in California (*see Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525, 529 [1999]). We disagree. The injury asserted is not purely economic; indeed, petitioner seeks the recovery of specific personal property. In a replevin action such as respondent's underlying action, the law that generally applies is the law of the state where the tangible personal property is located (*see Wyatt v Fulrath*, 16 NY2d 169, 173-174 [1965]; 19A NY Jur 2d, Conflict of Laws § 26). Respondent's alleged injury occurred when petitioner refused to hand over the property—essentially effectuating a conversion of the property—which undoubtedly occurred in New York (*see Matter of Thomas*, 28 Misc 3d 300, 306-307 [2010]).

Cardona, P.J., Mercure, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.