WILLIAM ZURENDA, Appellant, v PATRICIA ZURENDA, Respondent. [925 NYS2d 221]—

Garry, J. Appeal from an order of the Supreme Court (Tait, J.), entered March 17, 2010 in Broome County, which, among other things, denied plaintiff's cross motion to vacate or modify a stipulation of settlement.

The parties were married in 1990 and divorced in October 2009 by a Supreme Court judgment that incorporated an in-court stipulation of settlement. Among other terms, this stipulation provided that plaintiff would pay $5,000 to defendant within six months. In December 2010, defendant sought to enforce the stipulation and to hold plaintiff in contempt for his failure to make this required payment. Plaintiff cross-moved for an order vacating or modifying the stipulation. The court, among other things, denied the cross motion. Plaintiff appeals.

Sound policy supports the enforcement of in-court stipulations when freely made by parties with legal capacity (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]). Here, plaintiff asserts that he lacked the legal capacity to enter into the stipulation as a result of chronic mental illness. As the party claiming incapacity, he bears the burden "to demonstrate that [his] mind was so affected as to render him wholly and absolutely incompetent to comprehend and understand the nature of the transaction" when he entered into the stipulation (*Sears v First Pioneer Farm Credit, ACA*, 46 AD3d 1282, 1284 [2007] [internal quotation marks and citation omitted]; *accord Adsit v Wal-Mart Stores, Inc.*, 79 AD3d 1168, 1169 [2010]). Plaintiff, a combat veteran, submitted medical records and correspondence indicating that he is permanently and totally disabled by, among other things, posttraumatic stress disorder (hereinafter PTSD), that his PTSD symptoms had been exacerbated at the time of the stipulation by various factors including the stress of the divorce proceedings, that his medication had recently been increased, and that he had been accepted into an inpatient PTSD treatment program. However, a showing that a party suffers from a disability is not necessarily equivalent to a showing that he or she lacks "the requisite mental capacity to understand and accept the proposed terms of settlement" (*Turk v Turk*, 276 AD2d 953, 955 [2000]; *see Sears v First Pioneer Farm Credit, ACA*, 46 AD3d at 1284-1285).

No medical or psychiatric opinion was submitted, and the documents alone are insufficient to support the conclusion that plaintiff's mental condition prevented him from comprehending and accepting the stipulation (*see Matter of Dinnerstein v New York State Div. of Hous. & Community Renewal*, 257 AD2d 444 [1999]; *compare McNorton v Bronx Psychiatric Ctr.*, 151 AD2d 448, 451 [1989]). In addition, a review of the transcript reveals that plaintiff's obligation to make the disputed payment to defendant was mentioned four times and discussed at some length while his counsel was placing the terms of the stipulation on the record. Supreme Court inquired whether plaintiff had heard

the terms of the proposed settlement, whether he wished to ask his counsel any questions, whether he understood that the stipulation would be a final and binding resolution of the parties' matrimonial issues, and whether he agreed to the settlement. Plaintiff declined to question counsel and responded unequivocally to the court's inquiries, belying his claim that he had insufficient opportunity to object to the proposed settlement or discuss it with his counsel (*see McCarthy v McCarthy*, 77 AD3d 1119, 1120 [2010]; *Pinkham v Pinkham*, 309 AD2d 1139, 1140 [2003]).

Plaintiff now contends that Supreme Court should have asked whether he was receiving psychiatric care or taking medication that would alter his mental status, but there was no request for such an inquiry, nor does the record reveal any basis upon which Supreme Court could have divined such a need (*see Adsit v Wal-Mart Stores, Inc.*, 79 AD3d at 1170; *Zioncheck v Zioncheck*, 99 AD2d 563, 563 [1984]; *Langlois v Langlois*, 7 AD2d 779, 779-780 [1958]). "[N]either hindsight nor regret establishes incompetency" (*Sears v First Pioneer Farm Credit, ACA*, 46 AD3d at 1285). According deference to Supreme Court's credibility determinations, we agree that plaintiff did not demonstrate that his mental capacity was so diminished as to require vitiation of the stipulation of settlement.

Rose, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.