■ In the Matter of SUZANNE R. MONACO, Respondent, v LEONARD M. ARMER, Appellant. [941 NYS2d 316]—

Stein, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered September 27, 2010, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) commenced the instant proceeding against respondent (hereinafter the father) in December 2008, seeking modification of a prior order of custody to obtain sole custody of the parties' child (born 1999). After six days of trial which took place over the course of almost eight months, the parties stipulated that, among other things, the mother would continue to have sole custody of the child in accordance with the temporary custody order in place at the time, and the father would have specified visitation, which was less restrictive than his prior visitation. This stipulation was placed on the record in open court in the presence of the parties' respective counsel and the attorney for the child. Although no order was entered at that time, the parties began to abide by the terms of the stipulation. One month later, the father sought to vacate the stipulation alleging, among other things, that he was not fully apprised of its import and permanency. The parties again appeared in Family Court, whereupon the father's counsel was relieved of his assignment to represent the father and the matter was adjourned to provide the father with an opportunity to consult with another attorney. In the meantime, Family Court temporarily stayed the terms of the stipulation insofar as it related to visitation. Thereafter, the court denied the father's request to vacate the stipulation and an order was entered, setting forth the terms of the stipulation. The father now appeals, and we affirm.

We disagree with the father's contention that the stipulation should have been vacated pursuant to CPLR 5015. Stipulations made in open court by parties represented by counsel will not

be disturbed in the absence of good cause such as fraud, collusion, mistake or duress (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Zurenda v Zurenda*, 85 AD3d 1283, 1284 [2011]), and the decision whether to grant a motion pursuant to CPLR 5015 (a) rests in the trial court's sound discretion (*see VanZandt v VanZandt*, 88 AD3d 1232, 1233 [2011]; *Solomon v Solomon*, 27 AD3d 988, 989 [2006]). Here, the record evinces that, before entering into the stipulation in open court in the presence of their attorneys, the parties had prior settlement discussions in chambers and the father's counsel intended to place on the record the agreement that had been reached as a result of those discussions. Family Court gave the father's counsel opportunities to review his notes and ensure that all aspects of the agreement were recited. The record further reflects that the mother actively participated in the recitation of the stipulation in response to the father's requests, and that the father made no objections to the stipulation as it was being placed on the record. In addition, when the proposed order was submitted to the court in accordance with the stipulation, the father's only objection related to visitation on Mother's Day, which interfered with his regular visitation day, and the court modified the order accordingly.

To the extent that the father asserts that he mistakenly believed that the stipulation was only temporary, such assertion is not supported by the record. In any event, such a unilateral mistake, without more, would not suffice to set aside the stipulation (*see Vermilyea v Vermilyea*, 224 AD2d 759, 761 [1996]). Based upon the father's failure to meet his burden of demonstrating good cause to vacate the parties' stipulation, we discern no abuse of Family Court's discretion in denying his request for such relief and in entering an order setting forth the terms of the stipulation.

The father's remaining contentions, to the extent that they are properly before us, have been considered and are found to be without merit.

Mercure, A.P.J., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.