Egan Jr., J.
*1052 The underlying facts are more fully set forth in this Court’s prior decision in this matter (78 AD3d 1304 [2010]). Briefly, petitioner commenced this proceeding pursuant to SCPA 1809 to resolve a claim filed by respondent against decedent’s estate seeking the return of various collectibles purportedly gifted to her by decedent and Fahime Lily McLaughlin — decedent’s ex-wife and respondent’s aunt. In June 2011, the parties participated in settlement negotiations before Surrogate’s Court; respondent, who is a resident of California, was not present but was represented by counsel. As set forth in the minutes of the proceeding prepared by the chief clerk of the court, petitioner ultimately offered respondent $125,000 in full satisfaction of her claim against decedent’s estate and, after speaking with respondent on the telephone, counsel accepted that offer upon her behalf. Notably, the minutes reflect that respondent agreed to settle her claim for this sum “regardless of [McLaughlin’s] feelings” about the matter.
When respondent thereafter refused to comply with the terms of the settlement agreement, petitioner moved by order to show cause seeking to compel respondent to accept the agreed-upon sum and execute the appropriate release or, in the alternative, dismissal of respondent’s claim with prejudice. Following receipt of respondent’s submissions, petitioner and the attorneys for the various parties, together with McLaughlin, appeared before Surrogate’s Court. At the conclusion of that proceeding, Surrogate’s Court granted petitioner’s application and issued an order directing, among other things, that respondent promptly execute the appropriate release. When respondent failed to comply, Surrogate’s Court issued a judgment and decree dismissing respondent’s claim with prejudice. These appeals by respondent ensued.
We affirm. Stipulations of settlement — particularly ones entered into in open court — are judicially favored and, as such, will not be set aside absent grounds sufficient to invalidate a contract, i.e., fraud, collusion, mistake or accident (see Hamilton v Murphy, 79 AD3d 1210, 1212 [2010], lv dismissed 16 NY3d 794 [2011]; Matter of Marie H., 42 AD3d 782, 783 [2007]; Boyd v Town of N. Elba, 28 AD3d 929, 930 [2006], lv denied 7 NY3d *1053 783 [2006]).* To the extent that respondent erroneously believed that she would be receiving both a monetary settlement and the bulk of the collectibles, it is clear that any mistake in this regard was hers alone. As a unilateral mistake — in and of itself — is an insufficient basis upon which to set aside a stipulation of settlement (see Matter of Monaco v Armer, 93 AD3d 1089, 1090 [2012], lv denied 19 NY3d 807 [2012]), respondent’s argument on this point must fail.
Nor are we persuaded that respondent — owing to the recent death of a family member and her allegedly depressed state of mind — lacked the mental capacity to enter into the stipulation. As the party alleging incapacity, respondent bore the burden of demonstrating that she was incompetent at the time that she agreed to the settlement, i.e., that “her mind was so affected as to render [her] wholly and absolutely incompetent to comprehend and understand the nature of the transaction” (Adsit v Wal-Mart Stores, Inc., 79 AD3d 1168, 1169 [2010] [internal quotation marks and citations omitted]; accord Zurenda v Zurenda, 85 AD3d 1283, 1284 [2011]; Matter of Nealon, 57 AD3d 1325, 1327 [2008]). This she failed to do. The unsworn letters submitted by respondent and an individual purporting to be her treating psychiatrist are of no probative value (see Caulkins v Vicinanzo, 71 AD3d 1224, 1226 [2010]; Autiello v Cummins, 66 AD3d 1072, 1074 [2009]; Lentini v Page, 5 AD3d 914, 916 [2004]) and, in any event, fall short of establishing that respondent was incompetent at the time she agreed to the underlying settlement. While respondent indeed has experienced a change of heart, “neither hindsight nor regret establishes incompetency” (Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1285 [2007]; accord Zurenda v Zurenda, 85 AD3d at 1285). As respondent failed to meet her burden of proof in this regard, Surrogate’s Court properly granted petitioner’s motion to enforce the stipulation of settlement. Moreover, in view of respondent’s continued refusal to, among other things, execute the appropriate release, we cannot say that Surrogate’s Court erred in granting petitioner’s subsequent motion to dismiss respondent’s claim against decedent’s estate with prejudice.
Rose, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order and judgment and decree are affirmed, with costs.

 The parties do not dispute — and our review of the record confirms — that the agreement entered into here qualifies as an open court stipulation of settlement (see generally Diarassouba v Urban, 71 AD3d 51, 55-56 [2009], lv dismissed 15 NY3d 741 [2010]).