Lahtinen, J.E
Appeal from an order of the Family Court of Rensselaer County (Lalor, J.), entered December 15, 2011, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for visitation with his child.
Petitioner, the father of the child who is the subject of this proceeding (born in 2009), has been incarcerated since before the child’s birth as a result of his violent assault on the child’s mother, respondent Joyce Valigorsky, when she was over eight months pregnant. Petitioner pleaded guilty to assault in the first degree and is currently serving a sentence of eight years in prison. The child has been in the care and custody of respondent Rensselaer County Department of Social Services almost since birth and has never had any contact with petitioner. In *1221 April 2011, petitioner filed the subject petition seeking visitation. In December 2011, Family Court dismissed the petition, without a hearing, and this appeal ensued.
We take judicial notice of the fact that, after the entry of the appealed-from order, petitioner voluntarily executed a conditional judicial surrender of his parental rights, which included a post-surrender contact agreement providing for limited supervised visitation with the child. While a biological parent does not lose standing to bring a Family Ct Act article 6 proceeding “in cases where, as here, visitation was reserved in the surrender agreement” (Matter of Patricia YY. v Albany County Dept. of Social Servs., 238 AD2d 672, 673 [1997]; see Social Services Law § 383-c), the fact remains that there is now in place a superceding visitation agreement as set forth in the post-surrender contact agreement (cf. Matter of Mace v Miller, 93 AD3d 1086, 1086 [2012]). Accordingly, the subject proceeding is moot (see Matter of Riley SS. [Richard SS.], 90 AD3d 1179, 1179 [2011]), and we find the exception to the mootness doctrine is inapplicable under the subject circumstances (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).* Accordingly, the appeal must be dismissed.
Stein, Spain and Garry, JJ., concur.
Ordered that the appeal is dismissed, as moot, without costs.

 We note that, in opposing a motion to dismiss this appeal on mootness grounds brought by the attorney for the child prior to perfection of this appeal, petitioner expressed dissatisfaction with the judicial surrender determination. However, any remedy for petitioner’s perceived wrongs in that separate matter could only be by way of, for instance, rescission of the judicial surrender (see e.g. Matter of Thomas X. [Megan X.], 80 AD3d 832, 833-834 [2011], lv denied 16 NY3d 710 [2011]) or by a proceeding to enforce the post-surrender contact agreement (see e.g. Matter of Heidi E. [Tresea F.—Phyllis GJ, 68 AD3d 1174 [2009]).