*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 11, 2014                     516405
_____

In the Matter of BRIAN D.
    ROBINSON,
                        Respondent,

        v
                                              MEMORANDUM AND ORDER

KATRINA R. BICK,
                        Appellant.

(And Two Other Related Proceedings.)
_____


Calendar Date:   November 12, 2014

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.


_____


        Paul R. Corradini, Elmira, for appellant.

        Christopher Barton, Elmira, for respondent.

        John Ryan, Elmira, attorney for the child.


_____


Egan Jr., J.

        Appeal from an order of the Family Court of Chemung County
(Morris, J.), entered February 19, 2013, which, among other
things, granted petitioner's application, in three proceedings
pursuant to Family Ct Act article 6, for modification of a prior
order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of one child (born in
2006).  In 2008, the parties stipulated to a Pennsylvania court
order in which they agreed to share joint legal and physical
custody of the child.  Following a disagreement between the

parties as to where the child would attend school, the father commenced the first of these proceedings in August 2012, seeking primary physical custody of the child. In September 2012, the mother filed a violation petition, alleging that the father violated the 2008 order by not allowing her to have the child on the 2012 Labor Day holiday. Thereafter, the mother filed a modification petition, which she subsequently amended to seek sole legal and physical custody of the child. Following a combined fact-finding hearing, Family Court continued joint legal custody, granted the father primary physical custody of the child with visitation to the mother and dismissed the mother's violation petition. The mother now appeals.

We affirm. The mother's sole argument upon appeal is that she received ineffective assistance of counsel. "A finding of ineffective assistance of counsel requires that the proponent demonstrate that he [or she] was deprived of reasonably competent and, thus, meaningful representation" (Matter of Rosi v Moon, 84 AD3d 1445, 1447 [2011] [internal quotation marks and citation omitted]; accord Matter of Knight v Knight, 92 AD3d 1090, 1093 [2012]). Contrary to the mother's assertion, the record reflects that counsel conducted an effective direct examination of her relative to the best interests of the child, including the stability of her home life, her fitness as a parent and her intent that the child maintain a positive relationship with the father, as well as eliciting testimony aimed at demonstrating the father's lack of fitness as a parent. The fact that counsel did not question the mother concerning her prior drug use, her sometimes acrimonious relationship with her roommate or the fact that her driver's license has been suspended since 2008 for failing to pay several traffic tickets can be attributed to legitimate trial tactics (see Matter of Elizabeth HH. v Richard II., 75 AD3d 670, 670-671 [2010]), and counsel effectively engaged in redirect examination after those issues came to light. Counsel also appropriately cross-examined the father regarding his failure to comply with the 2008 custody order and his fitness as a parent. Viewed in totality, the record establishes that the mother received meaningful representation (see Matter of Spiewak v Ackerman, 88 AD3d 1191, 1193 [2011]; Matter of Bunger v Barry, 88 AD3d 1082, 1083 [2011]).

McCarthy, J.P., Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court