Lahtinen, J.P.
Appeal from an order of the Family Court of Washington County (Pritzker, J.), entered March 10, 2014, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to find respondent in violation of a prior custody order.
*1145 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2005). Custody and parenting time issues have been resolved by three orders entered on stipulations between the parties.
In the summer of 2013, the parties both filed petitions seeking enforcement of the most recent order dated September 21, 2012, each contending that the other had violated that portion of the order regarding summer weekend visitation.* Specifically, the dispute was whether, during summer vacations, the father had weekend parenting time with the child every weekend, as the father contended, or on alternating weekends, which the mother argued had been the parties’ in-court stipulation. Paragraph 3 of the September 2012 order provided parenting time to the father “every other weekend . . . from Friday at 4:30 p.m. to Monday morning” during the school year. Paragraph 4 of that order read “that during the summer [the father] shall have visitation from Thursday at 9:00 a.m. to Monday at 9:00 a.m.” Paragraph 4 was identical to paragraph 4 of the order dated February 9, 2012 that was entered after the parties stipulated to its terms in open court. The mother now appeals from Family Court’s order which found that the September 2012 order provided parenting time to the father every weekend during the summer.
Under settled law, “[a]n oral stipulation entered into by the parties in ‘open court’ is binding” (Matter of Abeido v Abeido, 54 AD3d 330, 330 [2008], lv dismissed 11 NY3d 846 [2008], quoting CPLR 2104; see Fox v Merriman, 307 AD2d 685, 686 [2003]). Such stipulations “will not be disturbed in the absence of good cause such as fraud, collusion, mistake or duress” (Matter of Monaco v Armer, 93 AD3d 1089, 1089-1090 [2012], lv denied 19 NY3d 807 [2012]; see McCoy v Feinman, 99 NY2d 295, 302 [2002]). Our review of the transcript in the record on appeal confirms the arguments of the mother and the attorney for the child that the parties, represented by counsel, stipulated in open court to the father having summer weekend parenting time on alternating weekends and not every weekend. Indeed, in one of the last comments on the record before the parties agreed to the terms of the stipulation, the mother’s counsel confirmed that “Thursday until Monday in the summer on his alternating weekend is agreeable.” Consequently, Family Court should have corrected the September 21, 2012 order, as carried forward from the February 2012 order, to the extent of amending the fourth paragraph to provide that *1146 “[djuring the summer [the father] shall have visitation with the child every other weekend from Thursday 9 a.m. to Monday 9 a.m.” (emphasis added; see CPLR 5019 [a]; Matter of Glazier v Brightly, 81 AD3d 1197, 1199 [2011]).
McCarthy, Garry and Rose, JJ., concur.
Ordered that the order is reversed, on the facts, without costs, petitioner’s application dismissed, respondent’s application granted to the extent that paragraph 4 of the September 21, 2012 order is amended to provide that, during the summer, petitioner shall have visitation with the child every other weekend from Thursday at 9:00 a.m. to Monday at 9:00 a.m.

 The record does not reflect what weekend parenting schedule was followed during the summer of 2012.