Matter of Amy TT. v Ryan UU. (2020 NY Slip Op 02698)





Matter of Amy TT. v Ryan UU.


2020 NY Slip Op 02698


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529400

[*1]In the Matter of Amy TT., Petitioner,
v
Ryan UU., Appellant. (And Three Other Related Proceedings.)

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Lindsay H. Kaplan, Kingston, for appellant.
Claudia S. Davenport, Kingston, attorney for the children.



Pritzker, J.
Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered June 6, 2019, which, in three proceedings pursuant to Family Ct Act article 6, denied respondent's motion to vacate, among other things, a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of two children (born in 2011 and 2013). Pursuant to a 2012 consent order, the parties shared joint legal and physical custody of the older child, and the parties, unofficially, followed this order when the younger child was born. In April 2017, the mother filed a petition for an initial custody determination related to the younger child and a modification petition related to the older child, seeking sole legal and physical custody of both children. The father moved to dismiss the petitions on jurisdictional grounds, which motion Family Court denied.
Thereafter, in January 2018, despite concerns voiced by the mother, Family Court issued a temporary order providing the father with certain weekend parenting time. Subsequently, in February 2018, the mother filed an emergency modification petition seeking, among other things, sole legal and physical custody of the children and to suspend the father's parenting time. The mother asserted that since the issuance of the January 2018 temporary order, the father had been charged with five counts of criminal possession of a weapon and, as a result, she feared for the children's safety and feared that the father was going to flee the state with the children. On February 16, 2018, Family Court temporarily awarded the mother sole legal custody of the children and suspended the father's parenting time. That same day, the court issued a temporary order of protection against the father in favor of the mother and the children.
In March 2018, the father sought, among other things, to vacate the two February 2018 orders, requesting an emergency evidentiary hearing. Family Court converted the father's submissions into an order to show cause and, in April 2018, granted the father's request for a hearing. In May 2018, the father filed a petition to modify the February 2018 temporary orders, stating that the mother was "withholding [the] children for no legitimate reason." At a June 7, 2018 appearance, it was noted that the father was soon to be incarcerated and the parties thereafter reached an agreement resolving all outstanding petitions. The agreement set forth that the mother shall be granted sole legal and physical custody of the children, with the father having two supervised visits with the children prior to his incarceration. Further, the father would be entitled to telephone and written communication with the children while incarcerated. Notably, under this agreement, the father's release from incarceration would serve as a change in circumstances allowing the father to seek a modification of the consent order. A final order of protection against the father for the benefit of the mother and the children was issued that same day (hereinafter the June 2018 order of protection). The parties' agreement was thereafter finalized by an order entered in August 2018.
The father then appealed from the June 2018 order of protection and the August 2018 order, which appeal this Court thereafter dismissed, finding that the orders were issued upon the father's consent and, thus, were not appealable (176 AD3d 1426 [2019]). Thereafter, the father filed a motion to vacate "the orders subsequent to the February 16, 2018 and June 7, 2018 hearings" on the grounds that he had entered into the agreement under duress and coercion and he was deprived of the effective assistance of counsel, which motion Family Court denied. The father appeals.[FN1]
Initially, the father challenges Family Court's denial of his motion to vacate the February 2018 order of protection. The court properly denied the motion as moot because the February 2018 order of protection was superseded by the June 2018 order of protection. Accordingly, this issue is moot "because any decision from this Court would not result in immediate and practical consequences" (Matter of King H. [Shaquille H.], 178 AD3d 1305, 1306 [2019] [internal quotation marks and citations omitted]; see Matter of John VV. v Hope WW., 163 AD3d 1088, 1089 [2018]).
We turn now to the prong of the motion that seeks to vacate the June 2018 order of protection and the August 2018 order based upon duress, coercion and ineffective assistance of counsel. A court may set aside an agreement entered in open court between parties represented by counsel for "good cause such as fraud, collusion, mistake or duress" (Matter of Monaco v Armer, 93 AD3d 1089, 1090 [2012], lv denied 19 NY3d 807 [2012]; see generally McCoy v Feinman, 99 NY2d 295, 302 [2002]; Matter of MacNeil v Starr, 129 AD3d 1144, 1145 [2015]), or where the party seeking to vacate the order was denied the effective assistance of counsel (see Matter of Rumple v Powell, 158 AD3d 1028, 1029 [2018], lv dismissed 31 NY3d 1044 [2018]). "A finding of ineffective assistance of counsel requires that the proponent demonstrate that he or she was deprived of reasonably competent and, thus, meaningful representation" (Matter of Robinson v Bick, 123 AD3d 1242, 1242 [2014] [internal quotation marks, brackets and citations omitted]). "An application to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Carlson v Dorsey, 161 AD3d 1317, 1318 [2018] [internal quotation marks and citation omitted]; see Matter of Monaco v Armer, 93 AD3d at 1089-1090 [2012]).
A review of the transcript of the June 7, 2018 hearing reveals that the substance of the custody and visitation agreement, as well as the order of protection, were extensively reviewed with the father. In fact, prior to the father consenting to the agreement, at his counsel's request, specific dates and times for the father's preincarceration supervised visits were set. The record also reflects that, after consulting with counsel, the father consented to these terms and acknowledged that he was doing so "freely and voluntarily" and that no one had forced or threatened him to do so. Thus, the record does not support the father's assertion of duress and/or coercion and, contrary to the father's contention, his generalized desire to see his children prior to his incarceration did not amount to duress or coercion to enter into the agreement (see Perry v McMahan, 164 AD3d 1490, 1491 [2018]; Matter of Monaco v Armer, 93 AD3d at 1090; Trakansook v Kerry, 45 AD3d 673, 673 [2007]). As to the father's allegation of ineffective assistance of counsel, although the record is sparse as to the representation provided to the father, because counsel had only filed a notice of appearance days prior to the June 2018 hearing, the ability to enter into this agreement was a result of this representation. Notably, multiple hearings had been held prior to the June 2018 hearing, where it was indicated that no agreement could be reached by the parties. Moreover, the father raised no objections to his counsel's representation prior to consenting to the agreement. Therefore, we find no merit to the father's contention that he did not receive the effective assistance of counsel (see Matter of Rumple v Powell, 158 AD3d at 1029; Matter of Robinson v Bick, 123 AD3d at 1242). Accordingly, we discern no abuse of discretion in Family Court's denial of the father's motion to vacate these orders.
Egan Jr., J.P., Clark, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: It should be noted that, since the entry of the order on appeal, the mother filed a modification petition. In an October 2019 order, which was issued after the father's release from incarceration, Family Court continued sole legal and physical custody to the mother but expanded the father's parenting time. To the extent that the father challenges the denial of the motion to vacate the change in legal custody to the mother granted in the August 2018 order, this challenge has not been rendered moot by the October 2019 order, as legal custody did not change from the mother (see Matter of Christopher Y. v Sheila Z., 173 AD3d 1396, 1397 [2019]; Matter of William O. v John A., 151 AD3d 1203, 1204 [2017], lv denied 30 NY3d 902 [2017]). However, insofar as the father also challenges the parenting time awarded to him in the August 2018 order, any challenges related thereto have been rendered moot (see Matter of William O. v John A., 151 AD3d at 1204).