Matter of Eric X. v Ariel Z. (2025 NY Slip Op 01027)

Matter of Eric X. v Ariel Z.

2025 NY Slip Op 01027

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

CV-23-2265
[*1]In the Matter of Eric X. et al., Respondents,
v
Ariel Z. et al., Respondents, and Mary Y., Appellant. (Proceeding No. 1.)
In the Matter of Mary Y., Appellant,
v
Vicky X. et al., Respondents. (Proceeding No. 2.)

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Barbara Ann Montena, Saratoga Springs, for appellant.
Law Office of Martin & Martin, Glens Falls (Trinidad M. Martin of counsel), for Eric X. and another, respondents.
Lisa A. Burgess, Indian Lake, for Ariel Z., respondent.
Sandra M. Colatosti, Albany, for Nicholas Y., respondent.
Bradley J. Rooke, Broadalbin, attorney for the child.

Powers, J.
Appeal from an order of the Family Court of Washington County (Adam Michelini, J.), entered November 8, 2023, which, among other things, granted petitioners' application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Ariel Z. (hereinafter the mother) and Nicholas Y. (hereinafter the father) are the parents of the subject child (born in 2013). Pursuant to a July 2020 amended order, Eric X. and Vicky X. (hereinafter the maternal grandparents) share joint legal custody of the child with the mother, though the maternal grandparents have primary physical custody. As is relevant here, that order granted Mary Y. (hereinafter the paternal grandmother) visitation with the child on alternating Saturdays, as well as weekly phone contact. In 2021, on account of negative changes in the child's behavior, the maternal grandparents filed a petition to modify the prior order by suspending the paternal grandmother's visitation with the child. The paternal grandmother filed an enforcement petition in response thereto. After a fact-finding hearing, Family Court modified the prior order by suspending the paternal grandmother's visitation and phone contact with the child. In doing so, the court concluded that the child's negative behavior surrounding the paternal grandmother's visitation, together with the animosity between the maternal grandparents and the paternal grandmother, established not only a change in circumstances, but also demonstrated that it was not in the best interests of the child to continue the paternal grandmother's visitation. In addition to the foregoing, the court dismissed the paternal grandmother's enforcement petition. The paternal grandmother appeals.
The paternal grandmother challenges Family Court's modification of the prior order suspending her visitation and phone contact with the child. Be that as it may, this Court has become aware that, in September 2024, an order of protection was entered on consent for the benefit of the child against the paternal grandmother.[FN1] Pursuant thereto, the paternal grandmother is to stay away from the child and refrain from all communication. While we acknowledge the nonpermanent nature of the order of protection, that proceeding is not before this Court and, as such, cannot be reviewed on this appeal (see Matter of Tina X. v Thomas Y., 233 AD3d 1272, 1277 n 3 [3d Dept 2024]; see generally Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 766 [3d Dept 2021]). Thus, granting the relief sought by the paternal grandmother in the modification proceeding "would not result in any immediate and practical consequences," as she is not permitted to have any contact with the child (Matter of Patrick C. v Rachel KK., 227 AD3d 1285, 1286 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). Accordingly, that aspect of the paternal grandmother's appeal has been rendered moot (cf. Matter of Amy TT. v Ryan UU., 183 AD3d 988, 990 [3d Dept 2020]; Matter [*2]of Payne v Valigorsky, 105 AD3d 1220, 1221 [3d Dept 2013]; Matter of Samantha H., 52 AD3d 894, 894 [3d Dept 2008]).
As to her challenge to the dismissal of her cross-petition, the paternal grandmother was required "to establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate," that the maternal grandparents "had actual knowledge of the order's terms," and that their "actions or failure to act defeated, impaired, impeded or prejudiced" the paternal grandmother's rights (Matter of Jason VV. v Brittany XX., 230 AD3d 1398, 1402 [3d Dept 2024] [internal quotation marks and citation omitted]). As is relevant here, "[a]lthough willfulness is not an element of civil contempt, inability of the alleged contemnor to comply with an order is a defense" (Matter of Jahari BB. v Zada CC., 232 AD3d 1142, 1147 [3d Dept 2024]). It is evident from the record that the child displays severe negative responses to the paternal grandmother. Considering this, and deferring to Family Court's credibility determinations, we find that the court did not abuse its discretion in dismissing the paternal grandmother's cross-petition, as it is not established that the maternal grandparents acted in a manner to restrict her visitation with the child or that any missed visitation was not the result of the child's own resistance or outright refusal to participate (see Matter of James XX. v Tracey YY., 146 AD3d 1036, 1038 [3d Dept 2017]; Matter of Shannon v Brandow, 86 AD3d 752, 753 [3d Dept 2011]; compare Matter of Michelle L. v Steven M., 227 AD3d 1159, 1164 [3d Dept 2024]).[FN2]
Clark, J.P., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although not raised by the parties, we take judicial notice of this order and use this opportunity to remind the bar of their continuing obligation under Rules of the Appellate Division, All Departments (22 NYCRR) § 1250.2 (c) to make this Court aware of developments which may render any aspect of an appeal moot (see generally Umoh v Doolity-Mills, 214 AD3d 1226, 1227 n [3d Dept 2023]).

Footnote 2: The paternal grandmother requests that this Court remand for the purpose of conducting either a forensic evaluation or Lincoln hearing with the child. To the extent this may relate to the enforcement proceeding, and is therefore not moot, it is nevertheless unpreserved as she did not make any similar request before Family Court (see Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1009 [3d Dept 2016]; Matter of Battin v Battin, 130 AD3d 1265, 1266 [3d Dept 2015]). In any event, we discern no abuse of discretion in the court's decision to forgo an interview of the child considering the detrimental impact it could have had here.