■ MELVIN R. SMITH, Respondent, v EMLAN REALTY CORP. et al., Appellants.—In an action, *inter alia,* to recover a broker's commission, based upon a theory of conspiracy or tortious interference with a contract, defendants appeal from an order of the Supreme Court, Rockland County, dated October 14, 1976, which denied their motion to dismiss the complaint for failure to state a cause of action or for summary judgment. Order affirmed, with $50 costs and disbursements. Plaintiff, a real estate broker employed to sell or lease certain property owned by Dr. John C. Petrone, was contacted by William De Francis, a local attorney, who represented himself as an agent of defendant Franquar of Rockland. Plaintiff allegedly informed Mr. De Francis of the price and terms of the sale, the size of the lot, taxes and other pertinent details. Subsequent to this conversation Mr. De Francis, through defendant Emlan Realty Corp., contacted Dr. Petrone directly and a lease agreement was signed. It is undisputed that Mr. De Francis shared in the commission received by Emlan Realty Corp. and that he is employed by the principals of Emlan Realty Corp., attorneys who, as such, also represent defendant Franquar of Rockland. Where liability is to be imposed for preventing one from making a particular contract, the plaintiff must show more than a qualified probability that the contract would have been completed except for the interference. However, the plaintiff is not bound to plead, in exact detail, the circumstances which, on a trial, would prove that success would have been inevitable but for the tortious acts of defendants (see *Williams & Co. v Tuttle & Co.,* 6 AD2d 302). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.