■ D'ANGELO, FORREST & COMPANY, INC., Appellant, v FRANKLIN UNITED LIFE INSURANCE COMPANY et al., Respondents, et al., Defendant.—In an action to recover damages, *inter alia,* for breach of contract, plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, dated June 28, 1977, as dismissed its complaint as to all the respondents for failure to establish a prima facie case. Judgment reversed insofar as appealed from, on the law, and a new trial granted as between plaintiff and the respondents, with costs to abide the event. While as to respondents Cacoulidis and DJR Equities Corp. plaintiff was required to show that there was a high degree of probability that the lease would have been completed but for the alleged interference (see *Union Car Adv. Co. v Collier,* 263 NY 386; *Smith v Emlan Realty Corp.,* 56 AD2d 887; *Owen A. Mandeville, Inc. v Zah,* 38 AD2d 730; *Williams & Co. v Collins Tuttle & Co.,* 6 AD2d 302) the proof in this case presented a sufficient question as to this issue to preclude it being taken from the jury. There is a distinction between dismissal of a complaint and the setting aside of a verdict as contrary to the weight of the evidence. The complaint should not have been dismissed as against respondent the Franklin United Life Insurance Company (Franklin) because there was sufficient evidence adduced as to a breach of the exclusive brokerage contract between plaintiff and Franklin so

as to require submission of that issue to the jury. Taking all the evidence presented as true, and drawing all reasonable inferences therefrom, it cannot be said that no rational process existed by which the jury could have found for the plaintiff (see *Weir v Slate,* 51 AD2d 665). This is true even as to respondent Grogan as to whom the record is skimpy but still sufficient to withstand a motion to dismiss. The fact that, under the terms of the contract between plaintiff and Franklin, the plaintiff was to look only to the prospective lessor for a commission is irrelevant. Since Franklin, the prospective lessee, may have breached the contract, it may be liable for the commission lost by the plaintiff as a result of the breach (see *Long Is. Business Exch. v De Luca,* 58 AD2d 594; see, also, *Julien J. Studley, Inc. v Gulf Oil Corp.,* 386 F2d 161). Thus a new trial is required as to all of the respondents. Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.