■ Sutton & Edwards, Inc., Respondent, v Steve Samuels et al., Defendants, and Barfran Realty Associates, Appellant.—In an action to recover a real estate brokerage commission, Barfran Realty Associates appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), entered November 9, 1990, as denied that branch of a motion for summary judgment which was to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the motion which were to dismiss the first and second causes of action insofar as asserted against Barfran Realty Associates, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a real estate brokerage firm, brought this action to recover a brokerage commission. The plaintiff alleges that it was employed by the seller, the defendant Hempstead Market Place, Inc. (hereinafter Hempstead), and advised the defendant Steven Samuels, a partner in the firm of Barfran Realty Associates (hereinafter Barfran) of the availability of this property. The plaintiff claims that Hempstead had reached an agreement with another prospective purchaser, also procured by the plaintiff, when Samuels directly contacted Hempstead and negotiated a deal on behalf of Barfran. A contract was then signed between Hempstead and Barfran which specifically provided that no broker was involved in the sale. The plaintiff brought suit against Samuels doing business as Barfran and Hempstead alleging that (1) Samuels and Hempstead agreed to pay the plaintiff a commission, (2) these defendants engaged in a conspiracy to deprive the plaintiff of its commission, and (3) the defendants intentionally interfered with the plaintiff's right to earn a commission. The Supreme Court held that Samuels was not individually liable but found that an issue of fact existed as to Samuels' alleged agreement on behalf of Barfran to pay a commission and denied summary judgment to it. We modify.

A purchaser of real property is held liable for the commission of a real estate broker whom he or she has not employed only in exceptional cases (see, Goodman v Kirkeby, 282 App Div 86). The plaintiff fails to allege any special circumstances and admits no agreement was reached as to the payment of a commission by Barfran. The plaintiff alleges only that a meeting took place at which Samuels agreed that the plaintiff was due a commission. However, Samuels left the meeting without an agreement being reached. In the absence of a legally enforceable agreement, Barfran was entitled to summary judgment dismissing the first cause of action in the complaint insofar as it is asserted against it.

As to the plaintiff's second cause of action, New York does not recognize civil conspiracy as an independent tort (see, Hickey v Travelers Ins. Co., 158 AD2d 112, 118). Therefore, the second cause of action should also be dismissed insofar as it is asserted against Barfran Realty Associates.

As to the plaintiff's third cause of action, New York does recognize a cause of action to recover damages for tortious interference with a brokerage contract (see, Keviczky v Lorber, 290 NY 297). The plaintiff must show more than a qualified probability that the contract would have been completed except for the interference (see, Smith v Emlan Realty Corp.,

56 AD2d 887). Here, the plaintiff has made a sufficient factual showing to raise the issue that it produced a buyer ready, willing, and able to purchase the property and that but for the defendants' conduct, it would have earned a commission. Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.