■ LANSCO CORPORATION, Appellant-Respondent, v WORLD ZIONIST ORGANIZATION AMERICAN SECTION, INC. Respondent-Appellant. [604 NYS2d 946] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered June 9, 1992, granting defendant's motion for summary judgment dismissing the complaint and denying defendant's request for counsel fees, unanimously modified, on the law, to deny defendant's motion for summary judgment dismissing the complaint and dismiss

defendant's counterclaim for counsel fees and, except as thus modified, affirmed, without costs or disbursements.

The IAS Court held that plaintiff's claim for damages for breach of an agreement to recognize plaintiff as broker with respect to specific space which defendant eventually leased through another broker should be dismissed because of plaintiff's failure to disclose that it was simultaneously acting as agent for the landlord. Plaintiff has never claimed to have been acting as defendant's agent and since defendant has failed to demonstrate the existence of an agency relationship between it and plaintiff, summary judgment should have been denied. The agreement between plaintiff and defendant whereby defendant agreed to "work only through [plaintiff] and * * * [to] recognize [plaintiff] as [b]roker" does not, as a matter of law, create such a relationship. Plaintiff at all times was looking to the landlord for payment of its commission, and its agreement with defendant merely attempted to memorialize its position as the broker which procured defendant. Thus, plaintiff's present claim is based on defendant's alleged interposition of another broker into the transaction and subsequent representation to the landlord in the lease that the other broker was the only broker with whom it dealt. The landlord then paid a commission to the other broker. Plaintiff claims that, by its actions, defendant frustrated its right to payment of the commission by the landlord and sues here to recover damages measured by the lost commission.

In any event, even if we were affirming the dismissal of the complaint, defendant's request for counsel fees was properly denied. In its motion papers, defendant never indicated it was seeking counsel fees in the form of a sanction. It did seek counsel fees as damages pursuant to its counterclaim seeking the same, which, as the IAS Court properly held, are not recoverable, absent an agreement between the parties or other provision therefor by statute or rule. Nor, under any view of the case and as we confirm by our denial of summary judgment, is this action a frivolous one. Thus, we modify also to dismiss the meritless counterclaim.

Upon the Court's own motion, this Court's unpublished decision and order entered on August 19, 1993 (Appeal No. 48661) is recalled and vacated as is the unpublished decision and order entered on November 18, 1993 and a new decision and order substituted therefor. The motion insofar as it seeks leave to appeal to the Court of Appeals is denied. Concur—Sullivan, J. P., Carro, Ellerin and Rubin, JJ.