■ Francis X. Morrissey, Jr., Respondent, v Government Employees Insurance Co., Appellant. [605 NYS2d 55] —Order, Supreme Court, New York County (Carol Arber, J.), entered February 17, 1993, which, *inter alia,* granted plaintiff's motion for partial summary judgment, unanimously affirmed, with costs.

Mar Oil's amended complaint against its attorney, plaintiff herein, which concerns plaintiff's improper administration of Mar Oil's escrow account and legal fees, did not only allege fraud, but also alleged, *inter alia,* breach of fiduciary duty and breach of express and implied contract. *(Mar Oil v Morrissey,* 982 F2d 830.) Accordingly, defendant was obligated to provide a defense for plaintiff, pursuant to its professional liability insurance policy issued to plaintiff, since it is clear that the allegations by Mar Oil against plaintiff did not fall " 'solely and entirely within the policy exclusions' " *(Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66, 73, quoting *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). Notably, it is the pleaded facts, and not the conclusory assertions, which dictate whether the insurance policy's cover-

age exclusions apply to the insurer's duty to defend *(see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 162).

We have considered all of defendant's assertions and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.