(January 9, 1997)

■ SYLVAN LAWRENCE COMPANY, INC., Appellant, v PENNIE & EDMONDS et al., Respondents. [653 NYS2d 99] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered September 27, 1995, which, *inter alia*, granted defendants' motion for summary judgment dismissing the amended complaint against all defendants, unanimously modified, on the law, to deny defendants' motion as to the first and second causes of action, and otherwise affirmed, with costs to plaintiff.

Plaintiff real estate broker was given a written exclusive brokerage agreement by defendant Pennie & Edmonds to find new leasehold space for the firm and/or to procure a sublease for all or part of the firm's existing space. The agreement was to remain in effect for one year. The record contains proof that within months after executing this agreement, Pennie & Edmonds contacted the other defendants herein for the purposes of restructuring its present lease or acquiring new space. Eventually, a restructuring of the present space, with additional floors, was negotiated on behalf of Pennie & Edmonds by these defendants, who received a commission from the landlord. This action for breach of the exclusive agreement, tortious interference and conspiracy was then commenced, with defendants seeking summary judgment before plaintiffs had an opportunity to conduct depositions.

The motion court erred in summarily dismissing the first cause of action for breach of the agreement, since the gravamen thereof, as set forth in the complaint, is defendant Pennie & Edmonds' actions preventing plaintiff from earning its commission, and it does not matter that the commission was to be paid by a third-party landlord (*see, Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 263-264; *Gordon Co. v Tucker Anthony & R.L. Day*, 162 AD2d 319; *D'Angelo, Forrest & Co. v Franklin United Life Ins. Co.*, 65 AD2d 766, 767). Moreover, whether the reconstructed lease, with the additional two floors, constitutes "new space" within the meaning of the agreement presents a question of fact as to the meaning of that term and the intent of the parties, rendering summary disposition inappropriate (*see, P. S. Burnham, Inc. v Wertheimer*, 141 AD2d 431). There are also questions of fact as to the cause for breach of the agreement, such that the second cause of action for tortious interference with the agreement may not be dismissed at this juncture (*see, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614). However, the third cause of action for conspiracy

to breach may not stand (*see, Friedman v Roseth Corp.*, 270 App Div 988, *affd* 297 NY 495). Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.