■ THE LANSCO CORPORATION, Appellant-Respondent, v NY BRAUSER REALTY CORP., Defendant, and JAMES F. GLANCY et al., Respondents-Appellants. (And a Third-Party Action.) [881 NYS2d 74]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered January 16, 2009, which, in an action to recover a real estate brokerage commission, denied plaintiff's motion for summary judgment against defendants James F. Glancy and the Manhattan Music Group LLC, and denied Glancy and Manhattan Music's cross motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant partial summary judgment to plaintiff on the issue of Glancy's liability for breach of the letter agreement he signed, and to refer the matter for a hearing on the issue of damages, and otherwise affirmed, with costs in favor of plaintiff payable by defendants Glancy and the Manhattan Music Group LLC.

It is undisputed that plaintiff introduced Glancy to one of the owners of the subject property, toured the property with him, and gave him written information about the property's specifications that plaintiff had prepared. At the conclusion of the 25-minute tour, Glancy signed the short one-page letter agreement that is in issue, in which he agreed that any further negotiations and discussions about the property would be conducted

solely through plaintiff as broker, and which also provided that the owner would pay plaintiff's commission. Glancy claims that he was disoriented as a result of a slip and fall that occurred at the beginning of the tour and did not know what he was signing. Approximately three months later, a lease for the property was entered into by Manhattan Music, as tenant, a limited liability company in which Glancy is a member and manager, and which was formed eight days before execution of the lease. The lease acknowledges the use of brokers other than plaintiff in bringing about the transaction, and also provides that Manhattan Music would indemnify the owner for any real estate commission the owner may owe to any broker, other than the brokers named in the lease, who was instrumental in negotiating or bringing about the lease.

Defendants Glancy and Manhattan Music contend that the letter agreement is not enforceable and the complaint against them should be dismissed because, first, the agreement does not contain material terms such as duration, the duties of the parties, and the manner in which plaintiff's fee was to be computed. However, we have previously recognized an agreement like this to be enforceable (*Lansco Corp. v World Zionist Org. Am. Section*, 198 AD2d 176 [1993] [plaintiff broker's claim for breach of contract to work only through it and to recognize it as the broker is based on defendant's interposition of another broker into the transaction and subsequent representation to landlord in the lease that other broker was only broker with whom it dealt; such interposition frustrated plaintiff's right to payment of commission by landlord, who, relying on defendant's representation, paid commission to other broker]). The amount of contact Glancy had with plaintiff after inspecting the property has no bearing on the enforceability of the letter agreement or its breach by Glancy by reason of using a different broker to negotiate the lease.

Glancy and Manhattan Music also argue that the letter agreement is unenforceable because, as a result of Glancy's fall and disorientation, he did not understand that the letter agreement was intended to be a binding contract. It is well settled that the signer of an instrument is conclusively bound by its terms regardless of whether he actually read it, and that his mind never gave assent to the terms expressed is not material (*see James Talcott, Inc. v Wilson Hosiery Co.*, 32 AD2d 524 [1969]). Further, Glancy's simple statement that he was disoriented as a result of his fall at the beginning of the tour is insufficient to meet his burden of demonstrating that his mind was so affected as to render him wholly and absolutely incompetent to compre-

hend and understand the nature of the transaction and that such incompetence or incapacity existed when he executed the document (*see Sears v First Pioneer Farm Credit, ACA*, 46 AD3d 1282, 1284-1285 [2007]).

Nor does the capacity in which Glancy signed the letter agreement raise any material issues of fact. The document, on its face, indicates that Glancy signed in his individual capacity, in which event he would be personally liable for its breach. But the result, i.e., Glancy's personal liability, would be the same even if he had signed on behalf of an undisclosed principal, namely, Bowery Presents, a limited liability company of which he was a member at the time (*see Tarolli Lbr. Co. v Andreassi*, 59 AD2d 1011, 1011-1012 [1977]), or the as yet to be formed Manhattan Music (*see id.* at 1012; *Universal Indus. Corp. v Lindstrom*, 92 AD2d 150 [1983]).

While plaintiff correctly argues that the measure of its damages is the amount of the commission it would have been paid by the owner had Glancy not used a different broker (*see Lansco Corp.*, 198 AD2d 176 [1993], *supra*; *Sylvan Lawrence Co. v Pennie & Edmonds*, 235 AD2d 215 [1997]), there is no evidence conclusively demonstrating the amount, if any, of that commission. The commission agreement between plaintiff and the owner is not controlling since it was entered into after the letter agreement was signed. Thus, it is not clear that, at the time plaintiff showed the property to Glancy and Glancy signed the letter agreement, the owner had retained plaintiff as its broker and agreed to a commission rate.

We have considered the parties' other arguments for affirmative relief and find them without merit. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.