■ GRACE ADSIT, Appellant, v WAL-MART STORES, INC., Respondent. [912 NYS2d 314]—

Mercure, J.P. Appeal from an order of the Supreme Court (Dowd, J.), entered October 2, 2008 in Chenango County, which

granted defendant's motion to enforce a settlement agreement between the parties.

Plaintiff commenced this personal injury action against defendant after she was injured by a metal rod or shelving unit that was allegedly left by defendant's employee in a shopping cart. Plaintiff indicates that she was struck in the spine by the rod, suffered a contusion to her back, now has reflex sympathetic dystrophy and requires the use of a wheelchair. Prior to the commencement of trial, the parties engaged in mediation, during which plaintiff was represented by counsel, and agreed that all of plaintiff's claims would be settled for $240,000. Thereafter, plaintiff informed counsel that she no longer wished to accept the settlement, claiming that she was not of clear mind during the mediation and did not understand the terms at the time she signed the settlement agreement. Specifically, plaintiff stated that she believed that she would receive $240,000 a year for life, rather than a single payment of $240,000. Following a hearing, Supreme Court granted defendant's subsequent motion seeking enforcement of the settlement agreement. The court directed plaintiff to execute a general release and to instruct her counsel to execute a stipulation of discontinuance. Plaintiff appeals, and we now affirm.

Stipulations of settlement are favored as a public policy matter and are "generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and either reduce their stipulation to a properly subscribed writing or enter the stipulation orally on the record in open court" (*McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *see* CPLR 2104). Indeed, it is well settled that "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see McCoy v Feinman*, 99 NY2d at 302). Here, plaintiff asserts that she lacked the requisite mental capacity to enter into the settlement agreement. We note that the burden of proving incompetence rests upon the party asserting incapacity to enter into an agreement (*see Sears v First Pioneer Farm Credit, ACA*, 46 AD3d 1282, 1284 [2007]). Thus, to prevail, plaintiff was required to establish that her "mind was so affected as to render [her] wholly and absolutely incompetent to comprehend and understand the nature of the transaction and, further, that such incompetency/incapacity existed when [she] executed the" settlement agreement (*id.* at 1284-1285 [internal quotation marks and citation omitted]; *see Lansco Corp. v NY Brauser Realty Corp.*, 63 AD3d 513, 514-515 [2009]; *Bell v White*, 55 AD3d 1211, 1214 [2008]).

At the hearing on this matter, plaintiff and her companion, Leonard Pardo, testified that she became light-headed, weak and confused during the five-hour settlement negotiations due to the failure of the batteries in the pump for her oxygen tank, lack of a lunch break, poor sleep the night before and her heavy medication regimen. Plaintiff further testified that she had no memory of signing the settlement agreement, and presented letters from two physicians indicating that her medications could cause disorientation and confusion. Plaintiff and Pardo admitted, however, that they did not alert anyone of their concerns regarding plaintiff's mental state or her ability to understand the settlement (*see generally Ortelere v Teachers' Retirement Bd. of City of N.Y.*, 25 NY2d 196, 205 [1969]). Moreover, defendant presented the testimony of plaintiff's counsel and an affidavit from the mediator indicating that plaintiff appeared lucid and clear-minded throughout the mediation, actively participated in numerous settlement discussions and appeared to understand the nature and consequences of the settlement. According deference to Supreme Court's credibility determinations, we conclude that the court properly determined that plaintiff failed to meet her burden of demonstrating that the settlement agreement was invalid (*see Lansco Corp. v NY Brauser Realty Corp.*, 63 AD3d at 514-515; *Bell v White*, 55 AD3d at 1214; *Sears v First Pioneer Farm Credit, ACA*, 46 AD3d at 1285).

Peters, Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.