■ ARIE GENGER, Appellant-Respondent, v SAGI GENGER, Respondent-Appellant, et al., Defendant. [999 NYS2d 366]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered October 15, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on three promissory notes and a stock purchase agreement, and granted his motion to dismiss defendant Sagi Genger's counterclaim alleging breach of fiduciary duty, unanimously modified, on the law, the motion for summary judgment granted as to notes two and three and the stock purchase agreement, and the matter remanded for calculation of damages and interest thereon consistent herewith, and otherwise affirmed, without costs. Order, same court and Justice, entered January 21, 2014, which, to the extent appealable, denied defendant Sagi Genger's motion to renew, unanimously affirmed, with costs.

The motion court properly found that plaintiff Arie Genger established his prima facie entitlement to judgment under note two (for $100,000), note three (for $50,000), and the stock purchase agreement, since these documents constitute instruments for the payment of money only, and it is undisputed that

Sagi defaulted in his obligation to make payment thereunder. However, we disagree with the motion court's finding that Sagi's conclusory and unsubstantiated allegation that the notes and purchase agreement were never intended to be enforced was sufficient to raise a triable issue of fact to defeat summary judgment (*see Kornfeld v NRX Tech.*, 93 AD2d 772 [1st Dept 1983], *affd* 62 NY2d 686 [1984]). The motion court's reliance on *Greenleaf v Lachman* (216 AD2d 65 [1st Dept 1995], *lv denied* 88 NY2d 802 [1996]), is misplaced and the record does not support the motion court's statement that "Sagi claim[ed] that the Notes were executed between him and [Arie] 'as tax planning mechanisms.' " We reject Sagi's contention that Arie's delay in demanding payment establishes that the notes and stock purchase agreement were not intended to be enforced, since "[i]ndulgence or leniency in enforcing a debt when due is not an alteration of the contract" (*Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d 312, 316 [1989]). Summary judgment was properly denied with respect to note one (for $11,700), which, although signed by Sagi, lists nonparty Orly Genger as the maker of the note. Accordingly there is an issue of fact as to whether Sagi assumed the obligation to make the payment called for by the note.

The motion court properly found that no issue of fact exists as to the notes' ownership, since, as we observed on a prior appeal, notes two and three were not marital assets, as they were not in existence at the January 2002 commencement of Arie and Dalia's divorce proceeding. We are not persuaded by Sagi's claim that he validly transferred the notes and stock purchase agreement to Dalia, pursuant to his authority as attorney-in-fact, since as this Court recognized, on a prior appeal, the stipulation of settlement did not state that Sagi had "the power to transfer or assign assets from one party to the other," and Sagi has failed on this motion for summary judgment to provide evidence to the contrary (87 AD3d 871, 873 [1st Dept 2011]). The email exchange on which he relied did not establish Arie's consent to any such transfer.

To the extent the notes and stock purchase agreement were considered "non-liquid assets," subject to a "coin toss" procedure set forth in the divorce settlement, Arie owns the instruments and the debts are owed to him.

Sagi's unsupported claim that he lacked the mental capacity at the time two of the notes were executed is insufficient to raise an issue of fact, since he failed to sustain his burden of demonstrating "that his mind was so affected as to render him wholly and absolutely incompetent to comprehend and under-

stand the nature of the transaction and that such incompetence or incapacity existed when he executed the document" (*Lansco Corp. v NY Brauser Realty Corp.*, 63 AD3d 513, 514-515 [1st Dept 2009]).

We find Sagi's claim that his remaining affirmative defenses raised issues of fact unavailing. When Arie established his prima facie entitlement to judgment, it was incumbent upon Sagi to "assemble, lay bare, and reveal his proofs in order to show his defenses are real and capable of being established on trial . . . and it is insufficient to merely set forth averments of factual or legal conclusions" (*Schiraldi v U.S. Min. Prods.*, 194 AD2d 482, 483 [1st Dept 1993] [internal quotation marks omitted]).

Sagi's second counterclaim, for breach of fiduciary duty, was properly dismissed, because he failed to adequately allege the first element of the claim, i.e., the existence of a fiduciary relationship (*see Burry v Madison Park Owner LLC*, 84 AD3d 699, 699-700 [1st Dept 2011]). Although the counterclaim complaint alleged that "Arie, as Sagi's father, and knowledgeable of Sagi's then-incapacitation, owed Sagi a duty to not knowingly take advantage [of] Sagi during a period of incapacitation," we have already found that any claim of incapacitation is not supported by the requisite evidentiary showing.

The denial of renewal should be affirmed, as the excerpt from Arie's complaint in another action was available to Sagi at the time of his opposition to the original motion to dismiss, and he offered no viable reason why he failed to provide such information at that time (*see e.g. Henry v Peguero*, 72 AD3d 600, 602 [1st Dept 2010], *appeal dismissed* 15 NY3d 820 [2010]). In any event, the parties' relationship arising out of the business entity at issue in that other case has no bearing here. The motion was not premature. Sagi failed to identify any facts that were exclusively within Arie's knowledge and control (*see Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 103 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]). "Vague and speculative allegations of wrongdoing are insufficient to support a request for disclosure" (*Artigas v Renewal Arts Realty Corp.*, 22 AD3d 327, 328 [1st Dept 2005]).

We remand to Supreme Court for a calculation of the amount of damages owed to Arie under the stock purchase agreement, including any "Contingent Amount," as provided for therein, to the extent applicable, and calculation of the simple interest owed to him in accordance with the terms of notes two and three and the stock purchase agreement. Contrary to Arie's contention, compound interest may be collected only where the agreement expressly so provides (*see Gutman v Savas*, 17 AD3d

278, 279 [1st Dept 2005]). *520 E. 81st St. Assoc. v State of New York* (19 AD3d 24 [1st Dept 2005], *lv denied* 5 NY3d 712 [2005]), which applies to "just compensation" cases, is inapplicable here.

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse and Richter, JJ.