■ LAWRENCE A. OMANSKY, Plaintiff, v 160 CHAMBERS STREET OWNERS, INC., Respondent, and COMMERCE COURT 160 CHAMBERS, INC., Intervenor-Appellant, et al., Defendants. [64 NYS3d 212]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered August 1, 2016, which evicted plaintiff from the subject premises and bringing up for review a supplemental order, same court and Justice, entered January 22, 2016, granting the motion of defendant 160 Chambers Street Owners, Inc. (the Cooperative) for summary judgment on the holdover petition, evicted plaintiff from the subject premises, unanimously affirmed, without costs. Appeal from the supplemental order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered April 20, 2017, which denied defendant-

intervenor Commerce Court 160 Chambers, Inc.'s motion for leave to renew the order granting the Cooperative's motion for summary judgment, unanimously affirmed, without costs. Appeal from the judgment, same court and Justice, entered July 17, 2017, which ordered plaintiff to pay damages to the Cooperative for unpaid rent and attorneys' fees and costs, unanimously dismissed, without costs, as abandoned.

This landlord-tenant dispute concerns the ground floor commercial space in a cooperative building owned by the Cooperative. Plaintiff was the original tenant and defendant-intervenor Commerce Court 160 Chambers, Inc. (Commerce) purports to be his indirect successor-in-interest.

The Cooperative's motion for summary judgment was properly granted as to its holdover petition.

Plaintiff's attempt to renew the lease by letter in December 1992—over 15 years prior to its expiration—failed to comply with the lease's condition that the option to renew be exercised "within (60) days before the end of each twenty-five year term." As such, the renewal was not effective. Even if a Cooperative representative countersigned the renewal letter, that did not waive this condition, as the acknowledgment was expressly limited "to the extent permitted by the applicable lease."

Although the Cooperative failed to comply with its obligation to notify plaintiff of his right to exercise the renewal option within 15 days of expiration of the lease, this failure did not have the effect of automatically renewing the lease. Nor did the Cooperative somehow waive the right to object to the failure to renew by accepting rent checks from Omansky post-termination, as continued acceptance of rent post-lease termination merely creates a month-to-month holdover tenancy (Real Property Law § 232-c; *cf. Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 448 [1984]).

Because the lease was never validly renewed, it expired at the end of its initial 25 year term in June 2008. As a result, plaintiff's leasehold interest ceased to exist and could not have been assigned to Commerce over one year later.

Additionally, even if the assignment to Commerce from Nicolena's B and B II Inc. (Nicolena's) (an entity wholly owned by plaintiff) was valid, the prior assignment from plaintiff to Nicolena's was not, because plaintiff failed to notify the Cooperative of the purported assignment within 30 days, as required by the lease. As such, Nicolena's had nothing to assign. Further, even if the Cooperative retained Commerce's checks, this did not waive the notice requirement because the lease contained a specific "No Waiver" provision (*see Jefpaul*, 61 NY2d at 446).

Commerce's motion to renew was properly denied because it was not "based upon new facts" and did not "contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2]-[3]; *Henry v Peguero*, 72 AD3d 600, 602 [1st Dept 2010], *lv dismissed* 15 NY3d 820 [2010]). The documents publicly filed in the related defamation action were available to Commerce at the time of its opposition to the instant summary judgment motion, and those that were not yet available merely reiterated the same points (*see Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014]; *Whalen v New York City Dept. of Envtl. Protection*, 89 AD3d 416, 417 [1st Dept 2011]). Commerce fails to adequately explain why it did not search for these documents earlier. Alternatively, on the merits these documents would not change the results.

Because of our disposition of these issues, we need not reach the issues of whether the lease was validly terminated for nonpayment of rent or whether reversal would be warranted if the motion to renew were granted. We have considered the remaining arguments and find them unavailing. Concur— Richter, J.P., Mazzarelli, Kahn and Moulton, JJ.