**Hunter Roberts Constr. Group, L.L.C. v Travelers Indem. Co.**

2024 NY Slip Op 34237(U)

November 27, 2024

Supreme Court, New York County

Docket Number: Index No. 155678/2021

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. LOUIS L. NOCK</u>                    PART                    38M

*Justice*

--------------------------------------------------------------------------------X

HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.,       INDEX NO.          155678/2021
and ARCH INSURANCE COMPANY,

                                                 MOTION DATE        10/10/2022
                                  Plaintiffs,

                                                 MOTION SEQ. NO.         002
                - v -

THE TRAVELERS INDEMNITY COMPANY and                    **DECISION + ORDER ON**
HARLEYSVILLE WORCHESTER INSURANCE COMPANY,                   **MOTION**

                                  Defendants.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 18, 19, 20, 41, 42,
43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73,
74, 75, 79, 80, 81, 82, 83, 84, 85, and 86

were read on this motion for                     SUMMARY JUDGMENT and cross-motions for
                                                 <u>          SUMMARY JUDGMENT          </u>.

LOUIS L. NOCK, J.S.C.

This insurance declaratory judgment action arises out of an underlying personal injury

action captioned *Ryan Andrews v Chase Bank N.A., et al.*, bearing Index No. 600012/2016, and

previously pending before the Supreme Court of the State of New York, Nassau County (the

"underlying action"). Therein, the plaintiff, Ryan Andrews, alleged that he was injured while

working at a construction site at which plaintiff herein Hunter Roberts Construction Group,

L.L.C. ("Hunter Roberts") served as a general contractor. Hunter Roberts was originally made a

third-party defendant before Mr. Andrews amended his complaint to add it as a direct defendant.

Hunter Roberts then filed a third-party complaint against, among others, nonparty Unity Electric

Co. ("Unity"), which is the insured of defendant herein Harleysville Worchester Insurance

Company ("Harleysville"). A second third-party complaint followed thereafter, against nonparty

**155678/2021   HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. ET AL vs. THE TRAVELERS**          **Page 1 of 9**
**INDEMNITY COMPANY ET AL**
**Motion No.  002**

[* 1]

1 of 9

BP Mechanical Corp. ("BP"), the insured of defendant herein the Travelers Indemnity Company ("Travelers"). The underlying action was settled as of April 12, 2022.

While the underlying action was still pending, Hunter Roberts and its carrier, plaintiff Arch Insurance Company ("Arch"), asserting that Travelers and Harleysville owed Hunter Roberts a duty to defend it in the underlying action. Plaintiffs sought declarations that defendants owed Hunter Roberts a primary and non-contributory duty of defense and indemnity, and must therefore reimburse plaintiffs' costs and attorneys' fees incurred in defending the underlying action (complaint, NYSCEF Doc. No. 55 at 11-12). Harleysville and Travelers alleged cross-claims against each other for contribution and indemnification (answers, NYSCEF Doc. Nos. 56-57).

Plaintiff now moves for partial summary judgment on its claims against Harleysville. Harleysville opposes the motion and cross-moves for a declaration that Harleysville and Travelers each must contribute to plaintiffs' damages as Hunter Roberts was an additional insured under both policies. In its opposition, Harleysville admits that Hunter Roberts is an additional insured under its policy (opposition memorandum of law, NYSCEF Doc. No. 59 at 9), and that the allegations of the complaint in the underlying action implicate Harleysville's duty to defend Hunter Roberts (*id.* at 10).[1] Accordingly, plaintiff's motion for partial summary judgment is granted. Travelers opposes Harleysville's cross-motion, and though it does not move by formal notice, also cross-moves for summary judgment dismissing plaintiffs' complaint and Harleysville's cross-claims.

---

[1] To the extent Harleysville, in its response to Hunter Roberts' statement of material facts, attempts to avoid admitting that it may have the sole duty to defend and indemnify Hunter Roberts while also claiming that it has such a duty that is coextensive with Travelers, Harleysville may not rely on contradictory factual scenarios as to coverage. As Harleysville has admitted the existence of a duty that was triggered by the underlying action, it may not have it both ways and argue that such duty is conditional on Travelers sharing such a duty.

155678/2021   HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. ET AL vs. THE TRAVELERS INDEMNITY COMPANY ET AL
Motion No. 002

Page 2 of 9

2 of 9

[* 2]

The remaining issue to be determined, Harleysville having admitted that it owes a duty to Hunter Roberts, is whether Travelers owes Hunter Roberts such a duty as well. Harleysville's cross-motion seeking a declaration to that effect is denied, Travelers' cross-motion for summary judgment dismissing the action against it is granted, and the action sis dismissed against Travelers in accordance with the following memorandum decision.

**Background**

Hunter Roberts subcontracted certain work on the underlying project to BP (BP subcontract, NYSCEF Doc. No. 51). The front page of the subcontract provides that the project is "4 Metrotech—4th Floor—CIB Disaster Recovery Infrastructure," at 4 Chase Metrotech Center, Brooklyn, New York (*id.*, cover page). As relevant herein the subcontract provides that BP would "furnish all labor, material, equipment, tools, supervision, submittals, loading/unloading/distribution of material and any and all other items needed to complete the entire [HVAC scope of work]" (*id.*, Exhibit A). Richard Carter, BP's project manager, testified that BP's work was performed on the fourth floor of the building (Carter EBT tr, NYSCEF Doc. No. 52 at 28-29). Notably, the complaint in the underlying action and the bill of particulars both state that Mr. Andrews' accident took place on the sixth floor (underlying complaint, NYSCEF Doc. No. 68; underlying bill of particulars, NYSCEF Doc. No. 69, ¶¶ 2-3). Andrews later testified that he believed the accident took place on the sixth floor (Andrews EBT tr, NYSCEF Doc. No. 70 at 46). Carter testified that neither BP nor its subcontractor had done work involving the hole that Andrews fell in (Carter EBT tr, NYSCEF Doc. No. 52 at 29, 66-67, 73, 89-90).

The BP subcontract required BP to procure insurance naming Hunter Roberts as an additional insured, and that such coverage be primary (BP subcontract, NYSCEF Doc. No. 51, §

**155678/2021 HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. ET AL vs. THE TRAVELERS INDEMNITY COMPANY ET AL**
**Motion No. 002**

**Page 3 of 9**

3 of 9

[* 3]

8.4). In accordance with the subcontract, BP acquired coverage from Travelers (Travelers policy, NYSCEF Doc. No. 54). The policy contains an endorsement titled "Additional Insured (Contractors Including Completed Operations)," which provides that "[e]ach building owner or real estate manager that you agree to include as an additional insured on this Coverage Part" is an additional insured "only with respect to liability for bodily injury, property damage or personal injury" arising out of the "acts or omissions of you or your subcontractor in the performance of your work on or for the project" (*id.* at 60). A similar endorsement titled "Blanket Additional Insured (Contractors) – New York" adds as an additional insured "any person or organization you are required to include as an additional insured on this policy by a written contract or written agreement in effect during this policy period" (*id.* at 115). Such coverage only extends to "liability caused by your work for that additional insured" (*id.* at 115, ¶ 1) .

**Standard of Review**

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted]). Moreover, the reviewing court

**155678/2021   HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. ET AL vs. THE TRAVELERS**            **Page 4 of 9**
**INDEMNITY COMPANY ET AL**
**Motion No.  002**

4 of 9

[* 4]

should accept the opposing party's evidence as true (*Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]).  Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

### Discussion

As an initial matter, the court must address the procedural defect in Travelers' cross-motion. Travelers did not file a notice of cross-motion.  Instead, in the concluding section of its brief in opposition to Harleysville's cross-motion, Travelers' requested summary judgment on its own behalf (Travelers' memorandum of law, NYSCEF Doc. No. 65 at 10).  As a general matter, the court is limited to relief sought in the notice (CPLR 2214; *City of New York v Quadrozzi*, 189 AD3d 1344, 1345 [2d Dept 2020] ["A court is generally limited to noticed issues that are the subject of the motion before it").  However, where a party against whom the cross-relief is sought responds to the cross-motion even in the absence of a formal notice, any defect caused by the failure to file a written notice of cross-motion is waived (*Fugazy v Fugazy*, 44 AD3d 613, 614 [2d Dept 2007] ["Since the plaintiff was aware of the cross motion, submitted opposition to it, and was not unduly prejudiced by the lack of service of a notice of cross motion, the court providently exercised its discretion in entertaining the defendant's cross motion"]).  Here, the court perceives no prejudice, as all parties are essentially discussing the same issues, and Harleysville filed a response to Traveler's cross-motion.

"The unambiguous provisions of an insurance policy, as with any written contract, must be afforded their plain and ordinary meaning" (*Broad St., LLC v Gulf Ins. Co.*, 37 AD3d 126, 130-31 [1st Dept 2006]).  The policy should be read as a whole, and no particular words or

**155678/2021   HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. ET AL vs. THE TRAVELERS INDEMNITY COMPANY ET AL**
**Motion No.  002**

**Page 5 of 9**

phrases should receive undue emphasis (*Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]). Courts should give effect to every clause and word of an insurance contract (*Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 NY2d 621, 633 [1997]). An interpretation is incorrect if "some provisions are rendered meaningless" (*County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [1996]). It is the insured's burden to show that the provisions of a policy provide coverage (*BP A.C. Corp. v One Beacon Ins. Group*, 33 AD3d 116, 134 [1st Dept 2006]). Moreover, where the policy language offers no reasonable basis for a difference of opinion, the court should not find it ambiguous (*Breed v Insurance Co. of N.A.*, 46 NY2d 351, 355 [1978]).

The duty to defend under an insurance policy is exceedingly broad and extends beyond the limits of the duty to indemnify, covering any situation where the allegations of the complaint "suggest a reasonable possibility of coverage" (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006] [internal quotations and citation marks omitted]). "Thus, an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course" (*id.*). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be" (*id.* [internal quotations and citation marks omitted]). The duty remains "even though facts outside the four corners of the pleadings indicate that the claim may be meritless or not covered" (*id.* [internal quotations and citation marks omitted]). However, only factual allegations can trigger a duty to defend (*Morrissey v Govt. Employees Ins. Co.*, 199 AD2d 93, 93-94 [1st Dept 1993] ["Notably, it is the pleaded facts, and not the conclusory assertions, which dictate whether the insurance policy's coverage exclusions apply to the insurer's duty to defend"]).

**155678/2021   HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. ET AL vs. THE TRAVELERS
INDEMNITY COMPANY ET AL
Motion No.  002**

**Page 6 of 9**

6 of 9

[* 6]

Travelers does not appear to argue that Hunter Roberts is not an additional insured under its policy. Instead, it argues that its duty to defend was never triggered because neither the underlying complaint nor Hunter Roberts second third-party complaint against BP in the underlying action make allegations that would suggest Andrews' injury arose from BP's work. The court concurs in this analysis. The complaint and amended complaint do not allege facts implicating BP at all. Andrews' bill of particulars specified that the accident took place in a different part of the building from where BP was working (underlying bill of particulars, NYSCEF Doc. No. 69, ¶¶ 2-3). The second third-party complaint alleges no specific facts, but consists instead of repetitive, legalistic, and conclusory allegations of negligence that do nothing to link BP's work with Andrews' injury (*cf. All State Interior Demolition Inc. v Scottsdale Ins. Co.*, 168 AD3d 612, 613 [1st Dept 2019] [duty to defend triggered where complaint and bill of particulars alleged plaintiff worked for insured at time of accident and explicitly linked the injury to insured's work]). Where additional insured coverage is limited to bodily injury out of the named insured acts, as it is under Travelers' policy, only injury proximately caused by the named insured triggers coverage (*3650 White Plains Corp. v Mama G. African Kitchen Inc.*, 205 AD3d 468, 469 [1st Dept 2022]). While Harleysville presents its own interpretation of the allegations of the underlying pleadings, the court does not find such interpretation persuasive.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for partial summary judgment on the third and fourth causes of action seeking a declaratory judgment that defendant Harleysville Worchester Insurance Company was obliged to provide a defense to, and provide coverage for, plaintiff Hunter Roberts Construction Group L.L.C. in the action of *Ryan Andrews v Chase Bank N.A., et al.*, bearing Index

**155678/2021   HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. ET AL vs. THE TRAVELERS INDEMNITY COMPANY ET AL**
**Motion No.  002**

**Page 7 of 9**

[* 7]

7 of 9

No. 600012/2016, and previously pending before the Supreme Court of the State of New York, Nassau County, is granted and it is further

ADJUDGED and DECLARED that defendant Harleysville Worchester Insurance Company is obliged to provide coverage for plaintiff Hunter Roberts Construction Group L.L.C. in the aforesaid action previously pending in Nassau County and to reimburse plaintiffs for all attorneys' fees and costs incurred in connection with the aforesaid action; and it is further

ORDERED that defendant Harleysville Worchester Insurance Company's cross-motion for summary judgment is denied; and it is further

ORDERED that defendant the Travelers Indemnity Company's cross-motion for summary judgment dismissing plaintiff's first and second causes of action, as well as defendant Harleysville Worchester Insurance Company's cross-claim, all seeking a declaratory judgment that defendant the Travelers Indemnity Company is obliged to provide a defense to, and provide coverage for, plaintiff Hunter Roberts Construction Group L.L.C. in the aforesaid action, is granted; and it is further

ADJUDGED and DECLARED that defendant the Travelers Indemnity Company is not obliged to provide a defense to, and provide coverage for, plaintiff Hunter Roberts Construction Group L.L.C. in the aforesaid action, or to reimburse plaintiffs for all attorneys' fees and costs incurred in connection with the aforesaid action.

**155678/2021   HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. ET AL vs. THE TRAVELERS**                    **Page 8 of 9**
**INDEMNITY COMPANY ET AL**
**Motion No.  002**

8 of 9

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 11/27/2024 | |
|---|---|
| **DATE** | **LOUIS L. NOCK, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**155678/2021   HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. ET AL vs. THE TRAVELERS**        **Page 9 of 9**
**INDEMNITY COMPANY ET AL**
**Motion No.  002**

9 of 9